Curtis THORNS, et al., Plaintiffs,

v.

SUNDANCE PROPERTIES, a Nevada
Partnership, et al., Defendants.

Cordelia P. TATUM, Plaintiff,

v.

Francis B. HEADLEY, et al.,
Defendants.

Jay WYNKOOP, et al., Plaintiffs,

v.

Francis B. HEADLEY, et al.,
Defendants.

Nos. CV–R–82–116–ECR to
CV–R–82–118–ECR.

United States District Court,
D. Nevada.

May 10, 1983.

Roger H. Elton, Ltd. by Douglas M. Edwards, Reno, Nev., for all plaintiffs.

Patrick James Martin, Reno, Nev., for Sundance Properties.

No appearance for defendants William Amick, H. Glenn Jack, Valley Title and Escrow Co., Francis C. Headley, Marjorie C. Headley or Manitou Mortg. Co.

## ORDER

EDWARD C. REED, Jr., District Judge.

These three cases are now before the Court upon motion for summary judgment brought by the defendant lenders in each of the related actions. Subsequent to denial by this Court of plaintiffs' motion for preliminary injunction, an interlocutory appeal was taken by the plaintiffs to the Ninth Circuit Court of Appeals, 696 F.2d 1004 (1982); 696 F.2d 1005 (1982), which affirmed this Court's order. The same issue which was critical in the plaintiffs' requests for an injunction is also dispositive of the instant motions.

Each of these actions were brought under the Federal Truth in Lending Act (hereafter TILA), 15 U.S.C. § 1601 et seq. All of the plaintiffs in these cases obtained loans secured by a deed of trust on their personal residences to invest in the same limited partnership formed in order to purchase an apartment building. The complaint in each case is identical and seeks relief based upon the defendants' failure to inform the plaintiff-borrowers of their respective right of rescission provided by 15 U.S.C. § 1635(a). In the memorandum tendered by the Ninth

Circuit on December 2, 1982, the court instructed that upon trial on the merits in these cases "... the threshold question will be whether the defendants were either 'creditors' or 'arrangers of credit' within the meaning of 15 U.S.C. § 1602(f). If the threshold question is resolved favorably to the borrowers, the trial court will then determine whether the loans in question were made for a 'business purpose.'"

Because the record is not sufficiently developed and because the facts and circumstances vary as to the various defendant lenders in each case the Court is not prepared to rule on the threshold issue stated above. However, circumstances are such that a determination upon the question of whether the loans at issue were made for a "business purpose" and thus exempt from coverage under TILA is appropriate. Of course, if the loan transactions which are the subject of these cases are exempt from coverage under the Act, there remains no need to decide whether the defendants are "creditors" or "arrangers of credit" within the meaning of TILA.

Summary judgment in a case similar to the instant actions, "... is, of course, appropriate only when there are no disputed issues of 'fact,' and only 'legal' issues remain to be decided." *Eby v. Reb Realty, Inc.,* 495 F.2d 646 (9th Cir.1974). Numerous other courts have successfully dealt with the issue of whether a particular loan transaction is exempt from coverage under TILA upon summary judgment motion. *See e.g., Adema v. Great Northern Development Co.,* 374 F.Supp. 318 (N.D.Ga.1973); *Weingarten v. First Mortgage Company of Pa.,* 466 F.Supp. 349 (E.D.Pa.1979); *Tower v. Moss,* 625 F.2d 1161 (5th Cir.1980). In these cases all of the relevant material facts regarding whether the loans involved were issued for a business purpose within the meaning of TILA as a matter of law have been well presented in the pleadings and testimony provided at the consolidated hearing on motions for a preliminary injunction.

The purpose of TILA is to assure that the consumer debtor is fully aware of the cost of his credit. *Redhowe v. Quality Ford Sales, Inc.,* 511 F.2d 230 (10th Cir. 1975); *W.T. Grant Company v. Commissioner of Internal Revenue Service,* 483 F.2d 1115 (2d Cir.1973). TILA requires that certain disclosures be made in consumer transactions and provides legal remedies where disclosures are not made in accordance with the Act. Pursuant to 15 U.S.C. § 1603 among those transactions exempted from the provisions of TILA are:

"(1) Credit transactions involving extensions of credit for business or commercial purposes; ... or to organization."

In determining whether a transaction is primarily consumer or commercial in nature it is necessary to look to the transaction as a whole and the purpose for which credit is extended. *Tower v. Moss, supra,* 625 F.2d at 1166; *Gallegos v. Stokes,* 593 F.2d 372, 375 (10th Cir.1979). There is no question in each of these actions but that the plaintiffs used the loan proceeds to invest in a limited partnership formed in order to purchase an apartment building.

Plaintiffs here have been creative and resourceful in opposing this motion and contending that the purpose of the loans at issue are actually "personal" in nature and thus not exempted from coverage under TILA. The Court earlier rejected application of a new regulation promulgated by the Federal Reserve Board which would alter the court's approach to determining whether the loans involved were indeed "personal" rather than for "business" purposes. The additional authority now proffered by plaintiffs in urging the Court's application of the four factor test found in 12 C.F.R. § 226.3(a)(2) is not controlling and is unpersuasive.

More importantly, the Court remains convinced that the existing case law which applies to these actions clearly indicate that credit transactions executed for investment purposes are not personal in nature and fall outside coverage of TILA and thus cannot be afforded protection thereunder. Courts have traditionally given a strict and literal interpretation to the "business or commercial purposes" exception to TILA. When faced with the question courts have consist-

ently refused to find that a loan transaction is for personal investment rather than a business loan where loan proceeds are used solely for investment in a business venture. That is, "The statutory exception does not distinguish big business from small business; all business transactions are exempt." *Puckett v. Georgia Homes, Inc.,* 369 F.Supp. 614, 620 (D.S.C.1974).

In *Puckett,* for instance, the plaintiff was a barber by trade who financed purchase of a mobile home which he rented to a tenant. The plaintiff was not in the business of renting mobile homes, and indeed owned only one. The court found that the nature and intent of the transaction governed and that the loan for purchase of the mobile home was for a business purpose and exempt from coverage by TILA. Similarly, in *Tower v. Home Construction Company of Mobile, Inc.,* 458 F.Supp. 112 (S.D.Ala.1978), a borrower took out a loan to make repairs and improvements on a home she rented out but had once lived in and planned to live in again upon retirement in about four years. The court held that "from the facts surrounding the transactions that they were involved with a commercial, not personal, purpose." 458 F.Supp. at 117.

In each of these actions the plaintiffs obtained the loans in question for the sole purpose of entering into a business venture and not for personal use. While the four factor test urged by the plaintiffs presents a more practical and flexible approach toward determining whether a loan is for "personal" or "business" purpose within the meaning of TILA the Court simply does not find a sufficient basis in which to apply to these transactions the essence of 12 C.F.R. 226.3(a)(2) which went into effect October 1, 1982.

Because the Court now finds that the credit transactions which are the subject of these cases were made for business purposes and are exempt from coverage under TILA it is not necessary to decide other questions presented in these motions. Since the question herein decided is virtually dispositive of the entire action it is also appropriate that summary judgment be entered in favor of the non-moving defendants as well. *See* 6 Moores Federal Practice § 56.-12 (1976).

IT IS HEREBY ORDERED that summary judgment is granted in favor of defendants and against the plaintiffs and the Clerk of the Court shall forthwith enter said judgment in each of the three above-captioned actions.

LET JUDGMENT BE ENTERED ACCORDINGLY.