**Curtis THORNS and Josie Thorns, Plaintiffs-Appellants,**

**v.**

**SUNDANCE PROPERTIES, a Nevada partnership, et al., Defendants-Appellees.**

No. 83–2067.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1983.

Decided Feb. 28, 1984.

---

Douglas M. Edwards, Beckley, Singleton, DeLanoy & Jemison & Chartered, Reno, Nev., for plaintiffs-appellants.

Patrick James Martin, Reno, Nev., for defendants-appellees.

Before MERRILL, Senior Circuit Judge, BOOCHEVER, Circuit Judge, and WYZANSKI,* Senior District Judge.

BOOCHEVER, Circuit Judge:

The Thorns appeal from summary judgment granted in favor of defendant Sundance Properties in an action brought under the provisions of the Truth In Lending Act (TILA), 15 U.S.C. § 1601, et seq. The district court, 562 F.Supp. 882, held that the transaction at issue was exempt from Truth in Lending disclosure. We reverse and remand because there exist triable issues of fact in the case.

## FACTS

The Thorns obtained a loan secured by deed of trust on their personal residence from Sundance Properties. The purpose of the loan was to invest in a limited partnership, formed to purchase an apartment building. Sundance did not make disclosure to the Thorns of the right to rescind the loan, which was required pursuant to 15 U.S.C. § 1635(a) if the transaction fell within the coverage of the TILA. The Thorns brought suit seeking rescission of the loan transaction, an injunction and other relief. The district court granted summary judgment for Sundance.

## STANDARD OF REVIEW

In reviewing a grant of summary judgment, our task is identical to that of the trial court. *State ex rel. Edwards v. Heimann,* 633 F.2d 886, 888 n. 1 (9th Cir. 1980). Viewing the evidence in the light most favorable to the party against whom summary judgment was granted, we must determine whether the trial court correctly found that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Heiniger v. City of Phoenix,* 625 F.2d 842, 843 (9th Cir.1980).

## DISCUSSION

The TILA is primarily concerned with consumer credit transactions, defined by the statute as "primarily for personal, family or household purposes." *See* 15 U.S.C. § 1602(h). Exempted from coverage are:

Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations.

15 U.S.C. § 1603(1). The district court, in granting summary judgment, held that investment in a limited partnership formed to purchase an apartment building necessarily constitutes a business or commercial purpose within the meaning of the exemption. The district court further held that credit transactions executed for investment purposes are not personal in nature and fall outside coverage of the TILA.

Purchase of a limited partnership interest for investment purposes, however,

* Honorable Charles E. Wyzanski, Jr., Senior United States District Judge for the District of Massachusetts, sitting by designation.

can be for a personal as opposed to a business or commercial purpose under the TILA. We find support for this conclusion in section 1603(2), which exempts from TILA coverage "[t]ransactions in securities or commodities accounts by a broker-dealer registered with the Securities and Exchange Commission." This language implies that, when no SEC registered broker-dealer is involved, a securities transaction can fall within the Act. In some instances, purchase of a limited partnership interest may be similar to purchase of a security. Cf. 17 C.F.R. § 240.3a 11-1 (1983) (definition of "equity security" for purposes of the 1934 Securities Exchange Act extended by SEC to cover limited partnership interests).

■ The Federal Reserve Board (FRB) has taken the position that some investment transactions are covered by the TILA and by the primary administrative regulation covering Truth in Lending disclosure, Regulation Z. Regulation Z contains an exemption for business or commercial transactions closely analogous to the statutory exemption. See 12 C.F.R. § 226.3(a)(1) (1983). The present FRB official staff interpretation of Regulation Z's exemption states:

> In determining whether credit to finance an acquisition—such as securities, antiques, or art—is primarily for business or commercial purposes (as opposed to a consumer purpose), the following factors should be considered:
>
> The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.
>
> The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.
>
> The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.
>
> The size of the transaction. The larger the transaction, the more likely it is to be business purpose.
>
> The borrower's statement of purpose for the loan.

12 C.F.R. § 226 Supp. 1, § 226.3(a)(2) (1983). The district court held that this staff interpretation should not be considered, because the 1980 transaction at issue preceded the interpretation's effective date. The interpretation, however, essentially states the same factors as were set out in a 1973 Federal Reserve Board Letter, F.R.B. Letter No. 675, interpreting Regulation Z. The Supreme Court has stated that such opinions by FRB staff interpreting the Act or Regulation Z should be "dispositive" unless "demonstrably irrational." *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565, 566 n. 9, 100 S.Ct. 790, 796, 797 n. 9, 63 L.Ed.2d 22 (1980). We find that the FRB's approach constitutes a reasonable interpretation of the statute and the parallel provisions of Regulation Z. Whether an investment loan is for a personal or a business purpose requires a case by case analysis.

Thus, in some circumstances, a loan for the purpose of purchasing a limited partnership interest for investment may be covered by the TILA. We reverse only the district court's holding on this issue and express no opinion regarding potential factual issues in the case, including whether the Thorns' loan actually was for a purpose covered by the TILA, whether Sundance was a "creditor" within the meaning of the Act, and whether other TILA exemptions may apply. The summary judgment is reversed and the case is remanded.

REVERSED and REMANDED.