Michael J. DANIELS, Plaintiff,

v.

SCME MORTGAGE BANKERS, INC.;
Saxon Mortgage Services, Inc.,
Defendants.

No. CV 09–4982 SVW (CWx).

United States District Court,
C.D. California.

Jan. 20, 2010.

Donald Aquinas Lancaster, Jr., The Lancaster Law Group, Culver City, CA, for Plaintiff.

Conrad V. Sison, Daniel A. Solitro, Locke Lord Bissell and Liddell LLP, Los Angeles, CA, for Defendants.

ORDER GRANTING DEFENDANT SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [48]

STEPHEN V. WILSON, District Judge.

Defendant's Motion is suitable to a determination without an oral hearing. Fed. R.Civ.P. 78(b); Local Rule 7–15. The hearing scheduled for Monday, January 25, 2010 is hereby VACATED.

## I. INTRODUCTION

The Court previously granted Defendant's Motion to Dismiss and warned the Plaintiff (who is represented by counsel) to think carefully about whether his complaint includes the appropriate causes of action and named defendants, and generally satisfies the requirements of Rules 8 and 11 of the Federal Rules of Civil Procedure. Plaintiff then filed an amended complaint (the Second Amended Complaint).

Upon reviewing the Second Amended Complaint, it appears that Plaintiff has not adequately alleged a cause of action under the Truth in Lending Act ("TILA") or Real Estate Settlement Procedures Act ("RESPA"). Because Plaintiff has already filed three separate complaints in this action, and because both Defendant's first Motion to Dismiss and this Court's prior Order put Plaintiff on notice of the requirements of TILA and RESPA, the Court GRANTS Defendant's Motion to Dismiss WITH PREJUDICE as to Plaintiff's causes of action under federal law. The Court refrains from exercising supplemental jurisdiction over the remaining claims arising under state law. Accordingly, the entire action is DISMISSED WITH PREJUDICE.

## II. FACTS AND PROCEDURAL HISTORY

### A. Facts Alleged in the Second Amended Complaint

Plaintiff alleges that Defendant Saxon Mortgage Services, Inc. was the beneficial owner and servicer of the loan on Plaintiff's property at 746 East 91st Street, Los Angeles, CA 90002. (SAC ¶ 6; *see also* SAC ¶¶ 15, 19.)

Plaintiff alleges that the loan, in the amount of roughly $200,000, had been originated by Defendant SCME Mortgage Bankers, Inc. and Gateway Loans, Inc. in May 2007. (SAC ¶¶ 15, 17.) The original promissory note, issued on July 23, 2007, listed Defendant SCME as the lender and servicer of the loan. (SAC ¶ 33.) Defendant Saxon Mortgage (who has submitted the present Motion) become the assignee and servicer of the loan on April 28, 2009. (SAC ¶ 5.) Plaintiff's causes of action include:

— claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and related regulations, including (1) violation of 15 U.S.C. § 1635(f); (2) violation of 15 C.F.R. § 226.17; (3) violation of 15 C.F.R. § 226.18; (4) violation of 15 C.F.R. § 226.19(a)(1); (5) violation of 15 C.F.R. § 226.22;

— claims under the Real Estate Settlement Procedures Act ("RESPA"); 12 U.S.C. § 2601 *et seq.* and related regulations, including (6) violation of 12 C.F.R. § 3500.14; (7) violation of 12 C.F.R. § 3500.21(c);

— claims under state statutory and common law, including (8) fraudulent concealment; (9) violation of Uniform Commercial Code § 3–305 (which Plaintiff incorrectly states is a federal cause of action); (10) violation of Cal. Comm.

Code § 3305; (11) violation of Cal. Bus. & Prof.Code § 17200.

(*See* generally SAC ¶¶ 28–94.)

**B. Procedural History**

Plaintiff original filed this action on July 10, 2009. Plaintiff filed a First Amended Complaint on August 20, 2009. Defendant Saxon Mortgage Services, Inc., filed a Motion to Dismiss the First Amended Complaint, which the Court granted in an Order entered onto the docket on October 29, 2009. Plaintiff filed the Second Amended Complaint on November 18, 2009.

Defendant SCME Mortgage Bankers, Inc., was dismissed on December 8, 2009 pursuant to the Court's November 19, 2009 Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Prosecution. Defendant Saxon Mortgage Services, Inc., filed this Motion to Dismiss the Second Amended Complaint on December 8, 2009.

In its October 29, 2009 Order, the Court identified certain deficiencies in Plaintiff's First Amended Complaint and put Plaintiff on notice that Plaintiff's second amended complaint would have to satisfy the requirements of Rules 8 and 11 of the Federal Rules of Civil Procedure. The Court wrote:

> If Plaintiff chooses to file an amended complaint against Saxon Mortgage Services, Inc., Plaintiff's counsel is advised to consult the pleading requirements of Fed.R.Civ.P. 8(a) as construed in *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937 [173 L.Ed.2d 868] (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 [127 S.Ct. 1955, 167 L.Ed.2d 929] (2007). Counsel is further advised that a person's submission of documents to the Court constitutes a certification that, "to the *best* of the person's knowledge, information, and belief," that submission "is not being presented for any improper purpose," that "the claims, defenses, and other legal contentions are *warranted by existing law* or by a *nonfrivolous* argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions have *evidentiary support* or, *if specifically so identified,* will *likely* have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b) (emphasis added). If counsel is uncertain as to whether or not certain claims are "warranted by existing law," counsel is advised to consult the legal memoranda submitted by Defendant Saxon Mortgage Services, Inc. and the authorities cited therein.
>
> The Court GRANTS Plaintiff 20 days leave to file a Second Amended Complaint. Twenty days provides Plaintiff and Plaintiff's counsel ample opportunity to examine the relevant law and facts so that they may determine whether a Second Amended Complaint is justified, and if so, which parties are the proper defendants for the action.

(October 29, 2009 Order at 9–10.)

**III. LEGAL STANDARD**

On a Motion to Dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.; see also Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009) (citing *Iqbal,* 129 S.Ct. at 1951).

Generally, the Court's analysis is limited to the contents of the complaint. *See Schneider v. Cal. Dept. Of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) (citations omitted). However, "[w]hen a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper." *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

## IV. ANALYSIS

■ TILA and RESPA only apply to consumer loans, not business loans. In the language of the statute, TILA applies to transactions in which "the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h). As a corollary, 15 U.S.C. § 1603(1) provides that TILA "does not apply to ... [c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." RESPA is identical in this regard, as it "does not apply to credit transactions involving extensions of credit ... primarily for business, commercial, or agricultural purposes," 12 U.S.C. 2606(a), and requires an identical inquiry as the one used under TILA. *See* 12 U.S.C. 2606(b); *see also Galindo v. Financo Financial, Inc.*, No. C 07–03991 WHA, 2008 WL 4452344 (N.D.Cal. Oct. 3, 2008) ("In evaluating whether a certain loan was primarily for business purposes under RESPA, courts are to apply the same standards as are used under TILA.").

This inquiry is largely fact-based. "Whether an investment loan is for a personal or a business purpose requires a case by case analysis." *Thorns v. Sundance Properties*, 726 F.2d 1417, 1419 (9th Cir. 1984). This analysis requires an examination of:

[1] The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.

[2] The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.

[3] The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.

[4] The size of the transaction. The larger the transaction, the more likely it is to be business purpose.

[5] The borrower's statement of purpose for the loan.

*Id.* at 1419 (quoting 12 C.F.R. § 226 Supp.1, § 226.3(a)(2)(1983)).

■ For present purposes, the relevant question is whether the Second Amended Complaint contains sufficient factual material, taken as true, to establish that Plaintiff's loans qualifies as a consumer loan under the Truth in Lending Act and Real Estate Settlement Procedures Act.

Plaintiff does not allege any facts relevant to the five-factor inquiry required under *Thorns v. Sundance Properties*, 726 F.2d at 1419. This failure to allege any facts precludes Plaintiff from availing himself of the protections contained in TILA and RESPA. As stated by Judge Alsup in *Galindo v. Financo Financial, Inc.*, No. C 07–03991 WHA, 2008 WL 4452344 (N.D.Cal. Oct. 3, 2008):

Galindo contends that there is no way to tell whether or not the loan was made for a business or personal purpose because she has not alleged any facts one way or the other in the complaint. That much is true. Without any such allegations detailing the purposes of the loan, Galindo has stated no claim.

*Id.* at *4. Similarly, in *Schulken v. Wash. Mut. Bank,* No. C. 09–02708 JW, 2009 WL 4173525 (N.D.Cal. Nov. 19, 2009), Judge Ware dismissed a Truth in Lending Act claim where the complaint failed to allege the plaintiffs' purposes in obtaining a home equity credit line from the defendant. *Id.* at *5.

Thus, because Plaintiff's Second Amended Complaint fails to allege any facts regarding Plaintiff's principal purpose in obtaining the loan, Plaintiff has failed to state a claim under TILA and RESPA.

Even more importantly, Plaintiff's Second Amended Complaint suffers from an even more significant deficiency. The Complaint contains an attachment that purports to be Plaintiff's loan application. The application contains a box to select whether the loan is for "primary residence," "secondary residence," or "investment." (*Id.*) **Plaintiff checked "investment."** (Compl., Ex. 4 at 1.)

In an attempt to avoid the clear implications of this admission, Plaintiff argues that other portions of the loan application suggest that the loan was personal rather than business-related. Plaintiff points out that he is employed as an electrician apprentice (Opp. at 7), and that this was disclosed on his loan application (Compl. Ex. 4 at 2). Plaintiff argues that an electrician apprentice is "an occupation that does not involve the purchase or sell [sic] of real estate." (Opp. at 7.) Plaintiff does actually explain how his employment as an electrician apprentice **precludes** the possibility that the residential loan was, by his own contemporary admission on the loan application, for "investment" purposes. (*See id.* at 6–8.)

Furthermore, even though neither party has raised it, the Court notes that another portion of the loan application contains a listing of Plaintiff other pieces of real estate. Plaintiff listed three other properties, including a pair of multi-family residences, and stated that these three properties generated a monthly gross rental income of $9,000 and a net rental income of $1,446. (Compl., Ex. 4 at 3.) Thus, even if Plaintiff was primarily an "electrician apprentice" as he asserts, the evidence attached to the Complaint suggests that he derived significant income from his real estate investments.

Thus, from the facts alleged in and the evidence attached to the Second Amended Complaint, it appears that Plaintiff's loan was for business purposes rather than personal purposes.

Plaintiff's only attempt at identifying the loan's "personal" elements appear in Plaintiff's Opposition. Plaintiff asserts that the home was used by members of his extended family. (Opp. at 6–7.) However, the Court cannot treat factual statements in the Opposition as though they were contained in the Complaint itself. *See, e.g., Schneider v. Cal. Dept. Of Corrections,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) ("The 'new' allegations contained in the inmates' opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

Further, even if the Court were willing to consider the statements in Plaintiff's Opposition, they would be legally insufficient to qualify Plaintiff's loan as a "consumer" loan. In the definitive administrative interpretation of TILA, the Federal Reserve Board Staff states:

Non-owner-occupied rental property. Credit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes. This includes, for exam-

ple, the acquisition of a warehouse that will be leased or a single-family house that will be rented to another person to live in. If the owner expects to occupy the property for more than 14 days during the coming year, the property cannot be considered non-owner-occupied and this special rule will not apply. For example, a beach house that the owner will occupy for a month in the coming summer and rent out the rest of the year is owner occupied and is not governed by this special rule.

*Supplement I to Part 226–Official Staff Interpretations, Effective January 1, 2009, 12 C.F.R. Pt. 226, Supp. I, Subpart A, Section 226.3–Exempt Transactions, 3(a) Business, commercial, agricultural, or organizational credit,* paragraph 3; *see also In re Macklin,* No. 05–12750–BGC–13, 2009 WL 3080461 (Bkrtcy.N.D.Ala. Sept. 23, 2009) (applying this particular provision where debtor rented homes to third parties); *accord Thorns v. Sundance Properties,* 726 F.2d 1417, 1419 (9th Cir. 1984) (noting that "The Supreme Court has stated that such opinions by FRB staff interpreting the Act or Regulation Z [of TILA] should be 'dispositive' unless 'demonstrably irrational.'") (citing *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 565, 566 n. 9, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980)).

This interpretation appears to draw a bright line between owner-occupied housing and non-owner-occupied housing. Because the property at issue was clearly not owner occupied, Plaintiff's loan was not for a personal purpose under TILA and RESPA.

Thus, given that the Complaint does not allege any facts regarding whether the loan was for consumer or business purposes, and refers to an attached document stating that the loan was for "investment"

purposes, Plaintiff has failed to state a valid cause of action under TILA and RESPA.

▮ Plaintiff requests leave to amend the complaint and file a fourth complaint to address this deficiency. This request is denied. Plaintiff has already had three chances at drafting the Complaint. The Court specifically put Plaintiff and his counsel on notice that Plaintiff's Second Amended Complaint needed to comply with the basic Rule 11 requirements that counsel make a good faith inquiry into the relevant law and facts. The Court even advised Plaintiff to refer to Saxon Mortgage's first motion to dismiss, which contained the very same arguments about TILA and RESPA that are raised again here. (*See* Motion to Dismiss First Amended Complaint, docket no. 19, at 5–7.[1]) Rather than heeding the Court's clear advice and Defendant's clear legal analysis, Plaintiff instead has filed a legally inadequate Second Amended Complaint. In short, Plaintiff had his chances and failed.

Furthermore, it is highly probable that Plaintiff would not succeed in stating a valid federal claim even if he were able to amend the complaint. Thus, there is simply no reason to permit Plaintiff to file a Third Amended Complaint. *See Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (affirming district court's denial of leave to amend on account of "futility of amendment" and the fact that "plaintiff has previously amended his complaint" multiple times).

## V. STATE LAW CLAIMS

Because the Court has determined that Plaintiff's Second Amended Complaint does not state a valid cause of action aris-

---

1. The Court did not specifically address these arguments because it deemed Plaintiff's First Amended Complaint to be inadequate for other reasons.

ing under federal law, *see* 28 U.S.C. § 1331, the Court lacks subject matter jurisdiction over the remaining claims. Plaintiff does not assert that jurisdiction is proper under diversity jurisdiction, 28 U.S.C. § 1332, and the Second Amended Complaint does not contain facts sufficient to establish that the parties are of diverse citizenship. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's state law claims.

## VI. CONCLUSION

Saxon Mortgage Services, Inc.'s Motion to Dismiss is GRANTED as to the federal causes of action, and the case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.