# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00007-CV

**James Seth Hicks, Appellant**

**v.**

**Chase Home Finance, LLC; Chase Texas Home Finance, LLC; and JP Morgan Chase Bank, N.A., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-12-002734, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

James Seth Hicks appeals from the trial court's grant of summary judgment in favor of Chase Home Finance, LLC, Chase Texas Home Finance, LLC, and JP Morgan Chase Bank, N.A. (collectively, Chase). Hicks sued Chase regarding two mortgages, claiming that Chase had violated the Truth in Lending Act (TILA), *see* 15 U.S.C. §§ 1601-1667, and the Real Estate Settlement Procedures Act (RESPA), *see* 12 U.S.C. §§ 2601-2617. Chase moved for summary judgment arguing that the mortgages were obtained for business purposes and therefore not subject to TILA or RESPA. The trial court rendered summary judgment in favor of Chase. We will affirm the trial court's judgment.

**BACKGROUND**

In March 2007, Hicks obtained two mortgages in order to purchase two residential properties located in Austin, Texas. Hicks subsequently sued his mortgage broker and lender, Chase, in connection with those mortgages, claiming that he was the victim of a "bait and switch." According to his petition, Hicks contacted his mortgage broker and informed him that he wanted to obtain mortgages with specific terms. Hicks's mortgage broker represented that the mortgages would comply with Hicks's specifications and would not contain certain terms that Hicks viewed as unfavorable. However, when Hicks arrived at the closing on the mortgages, he discovered that the mortgages did, in fact, contain the unfavorable terms. According to Hicks, he protested the terms but ultimately signed the mortgage documents only after his mortgage broker assured him that the terms were temporary and would be cancelled after one year. Beginning in March 2008, a year after closing, Hicks contacted Chase requesting that it cancel the disputed terms. Despite repeated requests, Chase refused to remove the terms.

Hicks sued Chase and asserted numerous causes of action, including allegations that Chase violated TILA and RESPA by, among other things, failing to make certain required disclosures and refusing to cooperate with him on the removal of the disputed terms.[1] Chase moved for summary judgment on all of Hicks's claims. With regard to Hicks's TILA and RESPA claims, Chase asserted that the claims were barred as a matter of law by the business-purposes exception. *See* 15 U.S.C. § 1603(1); 12 U.S.C. § 2606(a)(1). Chase also filed objections to and moved to

---

[1] In addition to TILA and RESPA claims, Hicks also asserted claims against Chase for (1) wrongful foreclosure, (2) fraud, (3) intentional and negligent misrepresentation, (4) concealment, (5) fraudulent inducement, (6) breach of contract, (7) usury, and (8) breach of fiduciary duty.

strike exhibits attached to Hicks's response to its motion for summary judgment, including portions of Hicks's affidavit. Following a hearing, the trial court granted summary judgment in favor of Chase on all of Hicks's claims.[2]

On appeal, in two related issues, Hicks asserts that the trial court erred in granting summary judgment on his TILA and RESPA claims.[3] In his third issue, Hicks contends that the trial court erred in excluding portions of his affidavit. Hicks requests that this Court reverse the trial court's grant of summary judgment with respect to his claims under TILA and RESPA and remand the cause to the trial court.

## STANDARD OF REVIEW

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). A movant is entitled to traditional summary judgment if (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). To obtain traditional summary judgment on an opposing party's claims, the movant must conclusively negate at least one element of each of the claims or conclusively establish each element of an affirmative defense. *See Centeq Realty*, *Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). In reviewing a summary judgment, we take as true all evidence

---

[2] The original lawsuit against Chase and the mortgage broker was assigned cause number D-1-GN-09-001426. Following the trial court's grant of summary judgment in favor of Chase, and on Chase's motion, the court severed Hicks's claims against Chase into the instant suit.

[3] Because Hicks only challenges the trial court's grant of summary judgment on his TILA and RESPA claims, we do not decide whether the trial court erred in granting summary judgment on Hicks's other claims against Chase.

3

favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Valence Operating Co.*, 164 S.W.3d at 661.

## DISCUSSION

In his first and second issues, Hicks argues that the trial court erred in concluding that the mortgages were not subject to TILA and RESPA. *See* 15 U.S.C. § 1603(1); 12 U.S.C. § 2606(a)(1). More specifically, Hicks asserts that the trial court erred in concluding that the mortgages were extended for business purposes since Hicks, an individual, obtained the mortgages in order to acquire residential, non-commercial property as part of his "personal investment portfolio." In response, Chase argues that summary judgment was proper because the undisputed evidence shows that Hicks acquired the mortgages for the business purpose of acquiring rental properties.

TILA protects consumers from inaccurate and unfair credit practices by mandating that creditors provide "meaningful disclosure of credit terms." *See* 15 U.S.C. § 1601; *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 87 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Similarly, RESPA protects real estate consumers by ensuring that consumers are "provided with greater and more timely information on the nature and costs of the settlement process." *See* 12 U.S.C. § 2601(a); *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003). To come within the scope of TILA and RESPA protections, the claimant must be a consumer as defined by the Acts, and the credit must not be extended "primarily for business . . . purposes." *See* 15 U.S.C. § 1603(1); 12 U.S.C. § 2606(a)(1). This business-purposes exception exempts non-consumer activities from protection under the Acts. *See American Express Co. v. Koerner*, 452

4

U.S. 233, 239-40 (1981). Because the burden is on the complaining party to show that the credit transactions at issue are covered by the Acts, the complaining party must show that the loans at issue were obtained for personal, as opposed to business, purposes. *See Breckenridge v. NationsBank of Texas, N.A.*, 79 S.W.3d 151, 159 (Tex. App.—Texarkana 2002, pet. denied).

Ordinarily, as one would expect, a loan obtained to make a profit is a loan extended for business purposes under the Acts. *See In re Booth*, 858 F.2d 1051-55 (5th Cir. 1988) (noting that "[c]ases decided under [TILA] indicate that when the credit transaction involves a profit motive, it is outside the definition of consumer credit"). Further, it is well established that a loan obtained in order to invest in non-owner-occupied rental property is a loan for business purposes, regardless of how the property will ultimately be used by the tenant. *See Daniels v. SCME Mortg. Bankers, Inc.*, 680 F.Supp. 2d 1126, 1130-31 (C.D. Cal 2010); *Mauro v. Countrywide Home Loans, Inc.*, 727 F.Supp. 2d 145, 154-55 (E.D.N.Y. 2010).

Whether a loan is for personal or business purposes is often a question of fact. *See Daniels*, 680 F.Supp. 2d at 1130-31. However, there is at least one exception to this general rule. Regulation Z, the Federal Reserve Board's administrative interpretation to TILA, provides:

> **Non-owner occupied rental property.** Credit extended to acquire, improve or maintain rental property (regardless of the number of housing units) that is not owner-occupied is *deemed* to be for business purposes. This includes, for example, the acquisition of a warehouse that will be leased or a single-family house that will be rented to another person to live in.

12 C.F.R. Pt. 226, Supp. I, Cmt. 3(a)(4) (Official Staff Commentary to Regulation Z, section 226.3) (emphasis added); *see Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565-66 n.9 (1980)

(noting that Board's staff interpretations of TILA and Regulation Z should be dispositive [u]nless "demonstrably irrational").[4] Under Regulation Z, once the acquired property is shown to be a "non-owner-occupied rental property," the loan transaction is considered to be for business purposes as a matter of law and exempt from TILA and RESPA. 12 C.F.R. Pt. 226, Supp. I, Cmt. 3(a)(4); *see Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (concluding that loan to acquire non-owner occupied rental property under Regulation Z was also excluded under RESPA as loan for business purpose).

In support of its motion for summary judgment, Chase attached excerpts from Hicks's deposition, in which Hicks admitted that the mortgages in this case were obtained in order to purchase rental properties for investment purposes. In response, Hicks did not present evidence that any portion of the mortgages was extended for some other personal, as opposed to business, purpose. Further, Hicks does not dispute that the mortgages were obtained solely in order to purchase non-owner-occupied rental properties. Instead, he contends that he obtained the mortgages as an individual, not as a business, and that the properties were purchased as a part of his "personal investment portfolio." Whether Hicks purchased the property in his individual capacity or on behalf of a business is beside the point—Chase's summary-judgment evidence establishes that the properties were obtained for purposes of generating income for Hicks. Hicks failed to present any evidence that would create a genuine issue of material fact as to the purpose of the mortgages.

The undisputed summary-judgment evidence demonstrates Hicks obtained the mortgages for the purpose of purchasing non-owner-occupied rental property. This evidence

---

[4] The Federal Reserve Board is charged with implementing and interpreting TILA. 15 U.S.C. § 1604; *see also* 12 C.F.R. Pt. 26 ("Regulation Z").

establishes, as a matter of law, that the mortgages were obtained for business purposes and thus are outside the scope of TILA and RESPA. We overrule Hicks's first and second issues on appeal.[5]

In his third issue on appeal, Hicks contends that the trial court erred in excluding and striking portions of his affidavit. Prior to the summary judgment hearing, Chase objected to portions of Hicks's affidavit testimony on the grounds that Hicks lacked personal knowledge and that his affidavit testimony constituted inadmissible hearsay. *See* Tex. R. Civ. P. 602, 802. Hicks argues that the trial court should have overruled Chase's objections because Hicks was permitted to testify as an expert witness, despite any hearsay or lack of personal knowledge. *See In re Christus Spohn Hosp.*, 222 S.W.3d 434, 440 (Tex. 2007) (explaining that experts may rely on inadmissible hearsay and other information that ordinary witness may not). According to Hicks, "[t]hese errors were crucial, as they impacted the very important question as to whether Chase Bank was aware of the misrepresentations of [his mortgage broker]."

In response, Chase asserts that, as a threshold matter, Hicks has failed to preserve this complaint for appellate review because the record fails to show that the trial court ruled on his objections. *See* Tex. R. App. P. 33.1(a)(2). In addition, Chase asserts that any error in sustaining Chase's objections was harmless.

---

[5] Hicks also points out that Regulation Z provides five factors that should be considered by the finder of fact in deciding whether the business-purposes exception applies. 12 C.F.R. Pt. 226, Supp. I, Cmt. 3(a)(3)(i)(A)-(E)) (Official Staff commentary to Regulation Z, section 226.3). Hicks argues that the trial court failed to consider these five factors and, therefore, its grant of summary judgment was improper. Hicks, however, ignores the language in comment 3(a)(4), providing that credit extended to acquire non-owner-occupied rental property is "*deemed* to be for business purposes," thus dispensing with the need to consider each individual factor in this type of transaction. *See id.* Cmt. 3(a)(4) (emphasis added).

7

To prevail on this issue, Hicks must establish that (1) the trial court abused its discretion in excluding portions of his affidavit as summary-judgment evidence, and (2) the improper ruling probably caused the rendition of an improper summary judgment. *See* Tex. R. App. P. 44.1(a); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). Assuming without deciding that Hicks has adequately preserved this issue for appeal and that the trial court erred in concluding that the challenged portions of Hick's affidavit were inadmissible, we cannot conclude that the exclusion of this evidence probably caused the rendition of an improper summary judgment. Whether Chase was aware of any misrepresentations made by the broker and original lender has no bearing on the issue of whether the mortgages were extended for business purposes under TILA and RESPA. As a result, any error committed by the trial court in striking portions of Hicks's affidavit was harmless with respect to the trial court's grant of summary judgment on Hicks's TILA and RESPA claims—the sole portion of the trial court's summary judgment for which Hicks seeks appellate review. Accordingly, we overrule Hicks's third issue.

## CONCLUSION

Having overruled Hicks's issues on appeal, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed: August 13, 2014

8