**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAXINE GILLIAM, Trustee of the Lou Easter Ross Revocable Trust, *Plaintiff-Appellant*, <br><br> v. <br><br> JOEL LEVINE, Trustee of the Joel Sherman Revocable Trust; DOES, 1 through 30, inclusive, *Defendants-Appellees*. | No. 18-56373 <br><br> D.C. No. 2:18-cv-02580-PSG-KS <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 14, 2020[*]
Pasadena, California

Filed April 14, 2020

Before: Mary M. Schroeder, Marsha S. Berzon,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge Schroeder

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Consumer Credit

The panel reversed the district court's dismissal of claims under the Truth in Lending Act, the Real Estate Settlement Procedures Act, Regulation Z, and California's Rosenthal Fair Debt Collection Act, which all provide certain protections to borrowers in consumer credit transactions.

In her capacity as a trustee, plaintiff obtained a loan to make repairs to a personal residence occupied by her niece, the trust beneficiary. The panel held that a trust created by an individual for tax and estate planning purposes does not lose all state and federal consumer disclosure protections when it seeks to finance repairs to a personal residence for the trust beneficiary, rather than for the trustee herself. Accordingly, the loan transaction remained a consumer credit transaction. The panel reversed the district court's dismissal for failure to state a claim and remanded for further proceedings.

### COUNSEL

Donald Reid, Law Office of Donald W. Reid, Fallbrook, California, for Plaintiff-Appellant.

W. Derek May, Law Office of W. Derek May, Upland, California, for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

SCHROEDER, Circuit Judge:

This case presents an issue of first impression under federal and state regulation of consumer credit transactions. The issue arises because the Truth-in-Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Regulation Z, and California's Rosenthal Fair Debt Collection Practices Act all provide certain protections to borrowers in consumer credit transactions. *See* 15 U.S.C. §§ 1631–1634; 12 U.S.C. § 2603; 12 C.F.R. §§ 226.17–226.20; Cal. Civ. Code § 1788.22. The case concerns a loan obtained by Appellant-Borrower Maxine Gilliam, acting in her capacity as a trustee. She obtained that loan to make repairs to a personal residence that is occupied by her niece, who is the trust beneficiary. The issue is whether this loan should be considered a consumer credit transaction. Because the Borrower did not herself intend to live in the house, the district court held that this was not a consumer credit transaction, and dismissed the complaint. The district court reached this conclusion even though the loan was for the benefit of the trust beneficiary, a member of the Borrower's family.

Under applicable statutes and regulations, however, a trust created by an individual for tax and estate planning purposes, like the one in this case, does not lose all state and federal consumer disclosure protections when it seeks to finance repairs to a personal residence for the trust beneficiary, rather than for the trustee herself. The transaction remains a consumer credit transaction. We therefore reverse and remand.

The facts are straightforward. In 2016, the Borrower, Maxine Gilliam, acting in her capacity as trustee of the Lou Ross Easter trust, obtained a loan from Appellee-Lender Joel Levine to finance repairs to a residential property that was the main asset of the trust. That property was the security for the loan. This trust was created by the Borrower's sister, Lou, for the benefit of Lou's daughter. After her sister died, the Borrower became the trustee. According to her complaint, the Borrower obtained the loan from Lender Levine to make repairs to the property so that her niece, as the sole beneficiary of the trust, could continue to reside there.

Under TILA, in a consumer credit transaction, the creditor must disclose to the borrower, among other items, the amount of payments and when each is due. 15 U.S.C. § 1602(v). The statute provides there must be disclosure of "the number and amount of payments, [and] the due dates or periods of payments scheduled to repay the indebtedness." *Id*. Here, the Borrower alleges that the Lender's loan disclosures were materially inconsistent with the terms of the loan, leading her to believe that the final payment date was one year later than the payment date contained in the loan documents. Because the due date disclosures did not accurately reflect the terms of the loan, the Borrower filed a complaint in district court seeking rescission of the loan under TILA. *See* 15 U.S.C. § 1635(i)(4) (relating to rescission remedy in consumer credit transactions); 12 C.F.R. § 226.15 (same). She also sought damages against the Lender under California's Rosenthal Act because the Lender allegedly used unfair means to collect a consumer debt. She additionally sought recovery of damages caused by the inaccurate disclosure, including accounting and reimbursement for payments that she should not have been obligated to make. *See* 15 U.S.C. § 1640 (permitting

recovery of "any actual damage sustained by such person as a result of the failure" to provide adequate disclosures).

These rescission and damage remedies are available only in "consumer credit transactions." 15 U.S.C. § 1635(i)(4); 12 U.S.C. § 2606(a); Cal. Civ. Code § 1788.2(e). TILA defines such transactions carefully. For a loan to qualify as a consumer credit transaction under the statute, a borrower must demonstrate that the loan was extended to (1) a natural person, and was obtained (2) "primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i). Extensions of credit to organizations are excluded, as are credit transactions performed for non-consumer purposes, such as loans for a business purpose, even when that loan is obtained by a natural person. *Id.* § 1603.

Congress enacted RESPA in 1974 "to increase the supply of information available to mortgage consumers . . . and to eliminate abusive practices." *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir. 2002). Although the "settlement process" targeted by RESPA was initially limited to the negotiation and execution of mortgage contracts, Congress subsequently expanded RESPA's application to encompass loan servicing as well. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012); Pub. L. No. 101–625, tit. IX, subtit. C, § 941, 104 Stat. 4405 (1990). Like TILA, RESPA does not apply to "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a)(1).

The Rosenthal Act seeks to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1 (b).

It imposes liability upon debt collectors that engage in various unfair debt collection practices. *See, e.g.*, *id*. § 1788.10. The Act defines consumer debt as "money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *Id.* § 1788.2(f). As in TILA, a consumer credit transaction is defined as a loan that was extended to a natural person for consumer purposes. *See id*. § 1788.2(e).

Federal regulations are important tools to implement consumer protection statutes. The Consumer Financial Protection Bureau ("CFPB") has interpretive authority over the provisions of TILA and RESPA. The CFPB issues Regulation Z that contains interpretive regulations imposing "even more precise" disclosure requirements than TILA itself. *See Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009). Courts defer to the CFPB's Official Staff Commentary to Regulation Z. *See Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 219 (1981) ("[A]bsent some obvious repugnance to the statute, . . . [Regulation Z] should be accepted by the courts, as should the [Bureau's] interpretation of its own regulation."). Our court has said the Commentary is "controlling unless demonstrably irrational." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011) (internal quotation marks and alteration omitted).

The Borrower filed this action in district court in March 2018. The Lender moved to dismiss, arguing, without statutory or regulatory authority, that a residential loan to a trust can be considered a consumer credit transaction only where the trustee-borrower lives at the residence. The Borrower, relying on the Official Staff Commentary to Regulation Z, maintained that her complaint should not be

dismissed because the Commentary provides that loans to trusts like hers should be treated as consumer credit transactions. *See* 12 C.F.R. pt. 1026, Supp. 1, § 1026.3 Comment 3(a)-10 (explaining that "[c]redit extended for consumer purposes to certain trusts is considered to be credit extended to a natural person rather than credit extended to an organization").

The district court agreed with the Lender's position that the loan was not a consumer credit transaction because the trust property securing the loan was not the Borrower's primary residence, even though it was the residence of her niece. The district court dismissed the complaint. On appeal, the Lender tries to defend that result, and asserts that, as a general rule, a trust does not qualify as a natural person under TILA, and cannot be party to a consumer credit transaction, subject only to a limited exception where the loan is to finance the residence of the trustee.

The CFPB's Official Staff Commentary to Regulation Z, however, provides a general consumer credit rule that differs from the one the Lender posits and the district court accepted. The Commentary's guidance is that "[c]redit extended for consumer purposes to certain trusts is considered to be credit extended to a natural person rather than credit extended to an organization." 12 C.F.R. pt.1026, Supp. 1, § 1026.3 Comment 3(a)-10. These "certain trusts" include trusts that were created for tax or estate planning purposes. *Id*. For consumers who place assets in a trust, the regulation thus effectuates TILA's definition of consumer credit transactions: those that are "primarily for personal, family, or household purposes." 15 U.S.C. § 1602(i). The trust in this case is for the benefit of the trustee's niece. Under the Commentary, a loan for "personal, family, or household purposes" of the

beneficiary of this type of trust is a consumer credit transaction.

Further undermining the Lender's position is the Commentary's explanation that it is the substance of the transaction that matters. The Commentary explains that, "[r]egardless of the capacity . . . in which the loan documents are executed," trusts should be considered natural persons under TILA, so long as the transaction was obtained for a consumer purpose, because, "in substance (if not form) consumer credit is being extended." 12 C.F.R. pt. 1026, Supp. 1, § 1026.3 Comment 3(a)-10.i. The Lender's position, by contrast, draws an artificial distinction between a loan obtained for the benefit of the trustee alone, and a loan obtained for the benefit of trust beneficiaries.

The Lender does not meaningfully address this Commentary to Regulation Z. Instead, here, as in the district court, he seeks to draw a general rule from the facts of a few cases that when a trust borrows funds to finance repairs to a residence, the collateral for the loan must be the primary domicile of the trustee. Three federal district court cases have been cited to support that view. *See Amonette v. Indymac Bank*, 515 F. Supp. 2d 1176 (D. Haw. 2007); *Shirley v. Wachovia Mortg. FSB*, No. 10-3870 SC, 2011 WL 855943 (N.D. Cal. Mar. 9, 2011); *Galindo v. Financo Fin., Inc.*, No. 07-03991 WHA, 2008 WL 4452344 (N.D. Cal. Oct. 3, 2008).

None of those cases, however, support the Lender's position. None stand for the general proposition that a trust cannot be party to a consumer credit transaction under TILA unless the trustee resides at the property. None suggest that borrowing for a familial, personal, or household purpose of the trust beneficiary makes a loan commercial in nature.

None hold that the Official Staff Commentary to Regulation Z is irrational or contrary to law. *See Johnson*, 635 F.3d at 417.

Only in *Amonette* did the issue of whether a trust could be party to a consumer credit transaction arise. In that case, the underlying facts involved a loan to a trust secured by the house in which the trustee lived. 515 F. Supp. 2d at 1178. The court held that the loan to the trust was a consumer credit transaction. *Id*. The court correctly observed that the trustee was a consumer because the loan was secured by the trustee's home. *Id*. at 1186. The court did not purport to limit consumer credit transactions involving trusts to the particular situation in that case. Instead, its holding rested on the conclusion that the loan was obtained for a personal, consumer purpose. *Id*. at 1185. The decision in *Amonette* correctly anticipated the most recent Commentary to Regulation Z, which expressly provides that loans to trusts, set up by individuals for tax and estate planning purposes, should be considered consumer credit transactions. *See* 12 C.F.R. pt. 1026, Supp. 1, § 1026.3 Comment 3(a)-10. *Amonette* involved such a situation.

The second case, *Shirley*, involved a trustee who lived at the trust property, but the issue in that case was not whether the loan was a consumer credit transaction. 2011 WL 855943, at *4. Instead, the issue was who was entitled to receive TILA disclosures. *Id*. The court held that TILA disclosures need not be provided to the beneficiaries of the trust, in addition to the trustee. *Id*. ("The Court finds that Wachovia's disclosure obligations extended to the trustee . . . and not to the trust's beneficiaries or settlors.").

*Galindo* did not involve a trust at all. That case involved a loan to an individual person, who refinanced a four-plex to purchase another property in which she did not reside and which she intended to rent to others. 2008 WL 4452344, at \*1. The district court in *Galindo* held that the transaction at issue was not a consumer credit transaction, because the complaint failed to allege that the loan was obtained for a consumer, as opposed to a commercial, purpose. *Id*. at \*4. In this case, the Borrower has alleged a personal, consumer purpose—that the loans were obtained to support a member of her family.

None of these cases support the Lender's theory that a trustee's loan for a purely personal purpose, here for the home of the beneficiary, is not a consumer credit transaction. All are consistent with the Borrower's position that such a loan is a consumer credit transaction. All are also consistent with TILA's purpose, which our court effectuates by "constru[ing] the Act's provisions liberally in favor of the consumer." *Hauk*, 552 F.3d at 1118 (internal quotation marks omitted). The Commentary to Regulation Z assists our interpretation and provides a sensible rule that "credit extended for a consumer purpose to certain trusts is considered to be credit extended to a natural person, rather than credit extended to an organization." 12 C.F.R. pt. 1026, Supp. 1, § 1026.3 Comment 3(a)-10.

In this case, at the pleading stage, we conclude that the Borrower has sufficiently alleged this loan was obtained for a consumer purpose. As detailed in her complaint, the Borrower obtained this loan for a personal, household, or familial purpose—to enable her niece, the trust beneficiary, to continue to live in the trust property. That the Borrower obtained this loan so the trust beneficiary could continue to

reside at the trust property supports, rather than undermines, the conclusion that the loan was taken out for a consumer purpose, because consumer purposes include personal, household, and familial purposes under TILA. *See* 15 U.S.C. § 1602(i) (including transactions that are "primarily for personal, family, or household purposes").

The definitions of consumer credit transaction under TILA and the Rosenthal Act are identical. *See id.*; Cal. Civ. Code § 1788.2(e) (same). And RESPA's definition of protected transactions requires only that the transaction be for a consumer purpose. *See* 12 U.S.C. § 2606(a). We therefore conclude that trusts like the one in this case can be considered natural persons under the Rosenthal Act, and that the transaction here is to be regarded as a consumer credit transaction under all three statutes.

The district court erred in construing the statutes in this case too narrowly. The complaint should not have been dismissed. A consumer, by placing assets in a trust for personal estate planning purposes, does not lose all protection for the trust beneficiary under these federal and state consumer protection laws. We therefore reverse and remand for further proceedings.

**REVERSED and REMANDED.**