NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAXINE GILLIAM, Trustee of The Lou Easter Ross Revocable Trust, | No. 21-56257 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02580-PSG-MRW |
| v. | |
| JOEL LEVINE, Trustee of The Joel Sherman Revocable Trust, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| MAXINE GILLIAM, Trustee of The Lou Easter Ross Revocable Trust, | No. 22-55158 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02580-PSG-MRW |
| v. | |
| JOEL LEVINE, Trustee of The Joel Sherman Revocable Trust, | |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 16, 2023[]
Pasadena, California

Before:  PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Maxine Gilliam appeals the district court's grant of summary judgment in favor of Joel Levine and its order awarding attorney's fees to Levine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Roley v. Google LLC*, 40 F.4th 903, 908 (9th Cir. 2022). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, 'there is no genuine dispute as to any material fact.'" *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). We review the district court's evidentiary rulings and award of attorney's fees for abuse of discretion. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002); *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1207 (9th Cir. 2009).

1. The district court correctly granted summary judgment for Levine on all of Gilliam's claims because the statutes she invokes do not apply to loans obtained for a business purpose. *See Gilliam v. Levine* (*Gilliam I*), 955 F.3d 1117, 1120–21

---

[**]	The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2020). Gilliam's accounting, reimbursement, and declaratory relief claims are derivative of the statutory claims, so they also fail if the loan was for a business purpose.

In determining whether a loan was for a business purpose, we apply the factors articulated in *Thorns v. Sundance Properties*: (1) "[t]he relationship of the borrower's primary occupation to the acquisition"; (2) "[t]he degree to which the borrower will personally manage the acquisition"; (3) "[t]he ratio of income from the acquisition to the total income of the borrower"; (4) "[t]he size of the transaction"; and (5) "[t]he borrower's statement of purpose for the loan." 726 F.2d 1417, 1419 (9th Cir. 1984); *see Gilliam I*, 955 F.3d at 1123; *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011). Gilliam bears the burden of proving that the loan was obtained for personal purposes rather than business purposes. *See Gilliam I*, 955 F.3d at 1120.

The first factor supports a business-purpose determination. The broker representations and Gilliam's documents identified her as a "real estate investor (retired teacher)." That Gilliam is also a retired teacher does not change the fact that she was identified primarily as an investor for the purposes of this loan. Gilliam cites no record evidence in support of the second and third factors. As the district court acknowledged, the fourth factor does not support a business purpose because the loan amount was relatively small. The fifth factor supports a business

3

purpose. Gilliam executed an affidavit certifying that the secured property was used for "investment." Additionally, the broker, in his capacity as Gilliam's agent, told Levine that Gilliam was a real estate investor, owned multiple rental properties, and sought the loan in order "to invest in a small rental." Levine relied on those representations and wired the loan funds to a corporate account. In sum, "'[e]xamin[ing] the transaction as a whole,' paying particular attention to 'the purpose for which the credit was extended,'" the undisputed facts establish that the loan was obtained primarily for a business purpose. *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (quoting *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992)).

Gilliam's arguments to the contrary do not show otherwise. First, Gilliam argues that the broker representations were inaccurate because she never actually purchased a new rental property, but the fifth factor focuses on the borrower's statement of purpose, not any undisclosed purpose the borrower might have had in mind. Gilliam claims that she acquired the loan to make repairs to a property, but she points to no evidence that she conveyed this purpose to Levine before the loan was made.

Second, Gilliam argues that various documents from the loan files demonstrate that the loan was governed by the Truth in Lending Act and the Real Estate Settlement Procedures Act (RESPA). The district court correctly found that

4

the good faith estimate and the intent to proceed with application from June 7, 2015 could not support Gilliam's argument that the loan was intended to be a consumer credit transaction because those documents were dated before her broker had contacted Levine. Gilliam points to a June 13, 2015 Mortgage Loan Disclosure Statement and a June 12, 2015 Deed of Trust, both of which are form documents that mention RESPA. Even assuming these documents were properly before the district court, their cursory references to the statute and use of its definitions do nothing to transform the nature of the loan. Gilliam also emphasizes that a June 12, 2015 Truth in Lending Act disclosure document lists Levine as a creditor. But again, that fact does not control whether the loan was exempt. CFPB, Comment for 12 C.F.R. § 1026.3(a) – Exempt Transactions, Official Interpretation 1026.3(a)-1 (explaining that a creditor can make disclosures regardless of whether a transaction is exempt).

Third, law of the case does not apply because this appeal concerns a motion for summary judgment, whereas the prior appeal involved a motion to dismiss, which is governed by a different legal standard.

2. In evaluating the loan, the district court relied on statements made by Gilliam's loan broker, whom it treated as Gilliam's agent. Gilliam objects that the loan broker was not acting as her agent, but she forfeited that objection because she did not raise it before the district court. *See AMA Multimedia, LLC v. Wanat*, 970

F.3d 1201, 1213 (9th Cir. 2020). Moreover, Levine's statement of undisputed facts included the statement that "Plaintiff . . . had engaged . . . Broker Perez to act as her agent in order to procure a lender to fund a loan," to which Gilliam responded, "Undisputed."

3. The district court did not abuse its discretion in its evidentiary decisions. Gilliam objects to the admission of Levine's declaration and the loan file on the grounds of authentication, hearsay, personal knowledge, and best evidence. The documents are properly authenticated: Levine's declaration states that he received them, and a recipient's declaration may authenticate an emailed document. Fed. R. Evid. 901(b)(1). The documents are not hearsay because Levine did not introduce them for the truth of their contents, but rather for their effect on Levine—namely, that he read them to understand that Gilliam would use the loan for investment purposes. Fed. R. Evid. 801(c)(2). That use resolves any personal knowledge concerns. Any best-evidence objections fail because copies of documents are admissible as duplicates. *See* Fed. R. Evid. 1003.

Gilliam also objects to the admission of the bank wire transfer on hearsay grounds. That document was admissible as an opposing-party statement because the wire transfer was made by Gilliam, signed by Gilliam, and offered against Gilliam. *See* Fed. R. Evid. 801(d)(2).

6

4. The district court did not abuse its discretion in awarding attorney's fees to Levine. Most of Gilliam's arguments either do not concern the fee award or are forfeited because she did not make them before the district court. Her remaining arguments do not show an abuse of discretion. This was an action on a contract under California Civil Code § 1717(a). *See Dell Merk, Inc. v. Franzia*, 33 Cal. Rptr. 3d 694, 703 (Cal. Ct. App. 2005). And the district court correctly interpreted the promissory note to provide for an award of fees.

The motion to take judicial notice (Dkt. No. 52) is **DENIED**.

**AFFIRMED**.