**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW ROLEY,
　　　　　*Plaintiff-Appellant/*
　　　　　*Cross-Appellee*,

　　　　　v.

GOOGLE LLC,
　　　　　*Defendant-Appellee/*
　　　　　*Cross-Appellant.*

Nos. 21-15677
　　　21-15830

D.C. No.
5:18-cv-07537-
BLF

OPINION

Appeals from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted April 15, 2022
San Francisco, California

Filed July 14, 2022

Before: Eugene E. Siler,[*] A. Wallace Tashima, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Tashima

---

[*] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

### California Contract Law

The panel affirmed the district court's summary judgment to Google LLC on plaintiff's breach of contract and conversion claims in a class action alleging that an email sent to plaintiff by Google constituted an offer for one terabyte of Google Drive storage under California contract law.

Google sent an email to users, such as plaintiff, who had contributed photos to Google maps, but had not yet joined the company's Local Guides Program, inviting them to join the program. Plaintiff joined the Local Guides program, achieved Level 4 status by contributing local content to Google, and claimed his terabyte of free Google Drive storage. Google advised him the benefit was for two years, and plaintiff contended that when he read the initial email, he assumed Google was offering a lifetime benefit. In ruling on Google's summary judgment motion, the district court considered three documents – the photo impact email, the enrollment page, and the Program Rules - and concluded that they did not constitute a unilateral contract offer for one terabyte of free Google Drive storage for life.

Advertisements are not typically understood as offers, but that rule includes an exception for offers of a reward. The operative question under California law is "whether the advertiser, in clear and positive terms, promised to render performance in exchange for something requested by the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

advertiser, and whether the recipient of the advertisement reasonably might have concluded that by acting in accordance with the request a contract would be formed." *Donovan v. RRL Corp.*, 27 P.3d 702, 710 (Cal. 2001). The panel held that the district court properly concluded that Google's communications did not constitute an offer for one terabyte of Google Drive storage. The Google documents at issue neither informed users how they might conclude the bargain, nor invited the performance of a specific act, leaving nothing for negotiation. The panel rejected plaintiff's arguments to the contrary. The panel concluded that the district court correctly granted summary judgment to Google on plaintiff's breach of contract claim.

The panel held that the district court also properly granted summary judgment to Google on plaintiff's conversion claim. In his reply brief, plaintiff contended that his conversion claim survived summary judgment even if his breach of contract claim did not. Because plaintiff did not present this argument to the district court or in his opening brief, the panel declined to address it.

**COUNSEL**

Christian Schreiber (argued) and Monique Olivier, Olivier Schreiber & Chao LLP, San Francisco, California; Robert K. Shelquist and Rebecca Peterson, Lockridge Grindal Nauen PLLP, Minneapolis, Minnesota; Vildan A. Teske, Teske Katz, PLLP, Minneapolis, Minnesota; for Plaintiff-Appellant/Cross-Appellee.

Whitty Somvichian (argued), Michael G. Rhodes, Cameron J. Clark, and Julie M. Veroff, San Francisco, California; Courtney E. Gladstone, Cooley LLP, Boston, Massachusetts; for Defendant-Appellee/Cross-Appellant.

**OPINION**

TASHIMA, Circuit Judge:

Defendant Google LLC sent users an email promising that they could unlock cool benefits like one terabyte of Google Drive storage by joining the company's Local Guides program and contributing content to Google Maps. Plaintiff Andrew Roley alleges, for himself and on behalf of a class, that the email constituted an offer for one terabyte of Google Drive storage under California contract law. "[A]dvertisements have been held to constitute offers where they invite the performance of a specific act without further communication and leave nothing for negotiation." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 788 (9th Cir. 2012) (quoting *Donovan v. RRL Corp.*, 27 P.3d 702, 710 (Cal. 2001)). Here, the email, along with related documents constituting the purported offer, said nothing about how much content users had to contribute to Google Maps in order to

unlock the Google Drive benefit. The district court rejected Roley's contention that the email constituted an offer for a terabyte of Google Drive storage and granted summary judgment to Google on Roley's breach of contract claim. We affirm.

## BACKGROUND

## I.

Google sent an email (the "Photo Impact Email") to users who had contributed photos to Google Maps, but not yet joined the company's Local Guides Program. After congratulating users for their past contributions, the email invited them to join the program:

> You're invited to join Local Guides!
>
> Get rewards for the photos you've shared.
>
> When you become a Local Guide, you earn points for your photos and other contributions to Google Maps. These points can unlock cool benefits like
>
> - 1TB of Google Drive storage
>
> - Invitations to exclusive events
>
> - Early access to new Google products
>
> - Local Guides badges

> You've already earned points with your
> photos. Why not join our community of
> explorers today?

The email directed users to a sign-up page (the
"Enrollment Page") where they could join the Local Guides
program. The Enrollment Page required users to agree to the
Local Guides Program Terms and Conditions ("Program
Rules") before joining the program. It also hyperlinked to the
Program Rules.

The Program Rules set out the terms and conditions of the
Local Guides program. They stated that, by signing up for
the program, users "agree[d] to be bound" by Google's Terms
of Service and the Program Rules and advised users to "read
each of these two documents, as together they form a binding
agreement between you and Google."

The Program Rules informed users that, "[a]s a Local
Guide, you will be placed into a level based on . . . how much
local content you contribute to Google, including how many
High Quality reviews you've written." They explained that
"[e]ach level may give access to different benefits," and
advised users to visit "our benefits page" to learn about
current benefits. They also said that "[a] review is considered
'High Quality' when it adheres to the guidelines described in
our help center or as otherwise provided by Google." They
further explained that level requirements and benefits were
subject to change, "at Google's sole discretion."

The Program Rules included several hyperlinks to the
Local Guides benefits page ("Benefits Page"). They also
included a hyperlink to a Local Guides Help Center page
describing the guidelines used to identify High Quality

reviews. Some versions of the Program Rules also included a hyperlink to the main page of the Help Center.

The Benefits Page described the number of points needed to achieve each level, the benefits unlocked at each level, and the ways Local Guides could earn points. It stated that Level 4 required "200+ Points" and unlocked three benefits, including "Upgrade your Google Drive storage free."

The Local Guides Help Center was a series of webpages providing information about the program. Two Help Center pages stated that the Google Drive benefit was valid for two years. According to one, "If you become a Local Guide Level 4+, you can receive 1 TB of free Google Drive storage for two years." The other said that a Local Guide could "Receive 1 TB of free Google Drive storage for two years" by reaching "Level 4" and acquiring "200+ points."

After receiving a version of the Photo Impact Email, Roley joined the Local Guides program, achieved Level 4 status, and claimed his Google Drive benefit. He received an email from Google advising him that "[t]his upgrade is active for 2 years at 1 TB of additional storage." Roley contends that this was the first he learned of the two-year time limitation on the Google Drive benefit. He contends that, when he read the Photo Impact Email, he assumed Google was offering a lifetime benefit. He also points out that neither the Photo Impact Email, the Enrollment Page, the Program Rules, nor the Benefits Page disclosed the two-year limitation. He acknowledges that Google mentioned the two-year limitation on the two Help Center pages discussed above and in various social media postings, but denies that he ever reviewed those materials.

## II.

Roley filed a class action complaint on behalf of himself and approximately 8,000 other Google users who received the Photo Impact Email, joined the Local Guides program, and redeemed the Google Drive benefit. He asserted claims for breach of contract and conversion, alleging that "Google promised Plaintiff and Class members a free terabyte of data storage if they achieved 'Level 4' status as a Local Guide," that "Plaintiff and Class members accepted the terms of the contract through performance," and that "Google breached the contract by rescinding its provision of a free terabyte of data storage after Level 4 Guides had performed the work that Google required of them." He alleged that he and other class members had reasonably and justifiably understood the Photo Impact Email as an "offer by Google of a 'free terabyte' of data storage [for] an indefinite amount of time."

The district court certified a class, defined as "All residents of the United States who received the Photo Impact Email and attained Level 4 status as a Google Local Guide after November 12, 2015, and redeemed the benefit of 1 TB of Google Drive storage." Google then moved for summary judgment. Google challenged Roley's contention that the Photo Impact Email constituted an offer for one terabyte of Google Drive storage for life. The company pointed out that the email used conditional language, said nothing about a lifetime benefit, and failed to specify the performance required of Local Guides to qualify for the benefit—earning 200 points and achieving Level 4 status. In his opposition, Roley argued that "the photo impact email was plainly an offer," that Google had "offered 1 TB of free Drive storage in exchange for achieving Level 4 Local Guide status," that the email's failure to disclose the performance required to qualify

for the benefit was "inconsequential," and that the lifetime nature of the benefit was implicit in the offer.

At the hearing on Google's summary judgment motion, the district court asked Roley to identify the specific documents that he believed constituted the offer. Roley initially identified five documents—the Photo Impact Email, the Enrollment Page, the Program Rules, the Benefits Page, and Google's Terms of Service. Ultimately, however, Roley advised the court that it could "ignore" the Terms of Service, and agreed with the court's suggestion that "the Benefits Page doesn't need to be considered part of the offer." Accordingly, in ruling on the summary judgment motion, the district court considered whether three documents—the Photo Impact Email, the Enrollment Page, and the Program Rules—constituted a unilateral contract offer for one terabyte of free Google Drive storage for life. *Roley v. Google LLC*, No. 18-CV-07537-BLF, 2021 WL 1091917, at *3–7 (N.D. Cal. Mar. 22, 2021).

The district court granted Google's summary judgment motion, ruling:

> As a matter of law, the Photo Impact Email, Enrollment Page, and [Program Rules] cannot constitute the "clear and positive terms" communicating the specific act Mr. Roley needed to perform to accept the contract. The Photo Impact Email, Enrollment Page, and [Program Rules] never state that Mr. Roley must achieve Level 4 Local Guide status to receive the 1 TB Benefit, and none of the documents state[s] the 1 TB Benefit lasts indefinitely.

*Id.* at \*6. Accordingly, the court held that "no unilateral contract exists." *Id.* The court also granted summary judgment to Google on Roley's conversion claim, noting that "[b]oth parties agree that the conversion claim is derivative of the breach of contract claim." *Id.* at \*7. Roley timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's grant of summary judgment *de novo*." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003).

## DISCUSSION

## I.

Roley contends that the district court erred by granting summary judgment to Google on his breach of contract claim. We disagree.

Contracts may be bilateral or unilateral. "A bilateral contract consists of mutual promises made in exchange for each other by each of the two contracting parties," *Sateriale*, 697 F.3d at 785 (quoting *Sully-Miller Contracting Co. v. Gledson/Cashman Constr., Inc.*, 126 Cal. Rptr. 2d 400, 403 (Ct. App. 2002)), while a unilateral contract "involves the exchange of a promise for a performance," *id.* (citing *Harris v. Time, Inc.*, 237 Cal. Rptr. 584, 587 (Ct. App. 1987)). An offer to enter into a unilateral contract "is accepted by rendering a performance rather than providing a promise." *Id.*

In either case, "[a]n offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Id.* at 784 (quoting *Donovan*, 27 P.3d at 709). "The determination of whether a particular communication constitutes an operative offer, rather than an inoperative step in the preliminary negotiation of a contract, depends upon all the surrounding circumstances." *Id.* (quoting *Donovan*, 27 P.3d at 709). "[T]he pertinent inquiry is whether the individual to whom the communication was made had reason to believe that it was intended as an offer." *Id.* (alteration in original) (quoting *Donovan*, 27 P.3d at 709).

Advertisements are not typically understood as offers, but that rule "includes an exception for offers of a reward," and "[s]everal courts . . . have applied the exception to customer rewards programs." *Id.* at 785–86. We therefore do not "presume that [Google]'s communications did not constitute an offer merely because they were addressed to the general public in the form of advertisements." *Id.* at 787. "The operative question under California law . . . is simply 'whether the advertiser, in clear and positive terms, promised to render performance in exchange for something requested by the advertiser, and whether the recipient of the advertisement reasonably might have concluded that by acting in accordance with the request a contract would be formed.'" *Id.* at 787 (quoting *Donovan*, 27 P.3d at 710).

An offeree need not know all the terms of the offer. "[A]n offeree, knowing that an offer has been made to him or her, but not knowing all its terms, may accept whatever terms it contains." 1 B. E. Witkin, Summary of California Law, Contracts § 181 (11th ed. 2021). Indeed, even where an offer to enter into a unilateral contract is involved, the offeree need

not know the offer's precise terms or the precise nature of the performance called for. *Id.* § 182 (citing *Hunter v. Sparling*, 197 P.2d 807, 815 (Cal. Ct. App. 1948)). To qualify as an offer to enter into a unilateral contract, however, "the offer must be sufficiently definite to lead the offeree to understand that a bargain is being proposed and *how the offeree may conclude the bargain*." 1 Williston on Contracts § 4:7 (4th ed. 2022) (emphasis added). Thus, "advertisements have been held to constitute offers where they invite the performance of *a specific act* without further communication and *leave nothing for negotiation*." *Sateriale*, 697 F.3d at 788 (quoting *Donovan*, 27 P.3d at 710) (emphases added).

Here, the district court properly concluded that Google's communications did not constitute an offer for one terabyte of Google Drive storage. Although the Photo Impact Email informed users that contributing to Google Maps could "unlock cool benefits like . . . 1 TB of Google Drive storage," neither the Photo Impact Email, the Enrollment Page, nor the Program Rules said anything about how much content users had to contribute to Google Maps to unlock the Google Drive benefit. The documents neither informed users how they might conclude the bargain, Williston, *supra*, § 4:7, nor "invite[d] the performance of a specific act without further communication," leaving "nothing for negotiation," *Sateriale*, 697 F.3d at 788 (quoting *Donovan*, 27 P.3d at 710). Users knew that they had to upload content to Google Maps to qualify for the benefit, but they would have had no idea how much content was required. Accordingly, the district court properly rejected Roley's contention that these three documents constituted a valid offer for a terabyte of Google Drive storage.

Roley's arguments to the contrary are unpersuasive.

First, Roley contends that the district court reached the wrong conclusion because it "erroneously limited its consideration of Google's offer" to three documents and "ignored relevant documents" such as the Benefits Page and the Terms of Service. We disagree. At the summary judgment hearing, Roley informed the district court that it could "ignore" the Terms of Service, and agreed with the district court's suggestion that the Benefits Page need not be considered part of the offer. The district court understandably relied on Roley's concessions, *Roley*, 2021 WL 1091917, at *3–6, and we can discern no error in the court having done so. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1170 n.3 (9th Cir. 2001) ("At oral argument, Kohler's counsel conceded that Kohler has not carried her burden of pleading and proving diversity jurisdiction. Therefore, the sole basis for federal jurisdiction over Kohler's state claims is supplemental jurisdiction."); *Amberhill Props. v. City of Berkeley*, 814 F.2d 1340, 1341 (9th Cir. 1987) ("The Board's statement [at oral argument] is binding on it in any further proceedings in this case.").

Roley's contention that the district court "forced" him to disclaim reliance on the Benefits Page, is without support in the record. To be sure, the district court had stated its view that, if the Benefits Page were incorporated into the offer, then so too were the Help Center pages disclosing the two-year limitation on the Google Drive benefit, given that the Program Rules linked to both the Benefits Page and the Help Center. But Roley was free to argue to the district court, as he has argued on appeal, that the offer incorporated the Benefits Page but not the Help Center pages mentioning the two-year limitation. He did not do so. When the district court asked Roley whether he was "saying that the Benefits Pages doesn't need to be considered part of the offer," Roley

could have informed the court that this was *not* what he was saying. Instead, his counsel responded, "I think that's a fair characterization, your honor." The concession was voluntary.

Roley alternatively argues that the district court reached the wrong conclusion because the court "ignored the parties' clear course of conduct." He asserts that the district court

> ignored the fact that Google admitted making an offer to Local Guides [and] ignored Google's many actions in performing on the contract. For example, the district court did not attempt to explain why, if Google had indeed created no obligation to Class members, it followed each posting, determined which were worthy of being awarded points, tallied the points, and communicated to Local Guides when Level thresholds were being approached or crossed.

We again disagree.

To be sure, the evidence Roley cites may support the existence of a contract. In *Sateriale*, we held that the plaintiffs had alleged "a contract the essence of which was their general right to redeem their Camel Cash certificates, during the life of the program, for whatever rewards merchandise RJR made available, with RJR's discretion limited only by the implied duty of good faith performance." 697 F.3d at 788. Applying the same principles here, the evidence may well support the conclusion that Roley and the other class members had a contractual right to *whatever benefits Google specified in program documents*, which, of course, might have included the Google Drive benefit. Roley,

however, did not present that theory to the district court. He instead argued that the Photo Impact Email constituted an offer for one terabyte of Google Drive storage. The district court limited its analysis to the only theory argued and, for the reasons stated earlier, properly rejected it. We do not fault the district court for confining its analysis to the theory Roley presented. Nor will we consider Roley's broader, *Sateriale*-style contract theory for the first time on appeal. As a general proposition, "we will not reframe an appeal to review what would be in effect a different case than the one decided by the district court." *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).

In sum, the district court properly rejected Roley's argument that the Photo Impact Email, the Enrollment Page, and the Program Rules constituted an offer for one terabyte of Google Drive storage. The district court therefore correctly granted summary judgment to Google on Roley's breach of contract claim.

## II.

The district court also properly granted summary judgment to Google on Roley's conversion claim. In his reply brief, Roley contends that his conversion claim survives summary judgment even if his breach of contract claim does not. Again, Roley did not present this argument to the district court, or in his opening brief on appeal. We therefore decline to address it. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994))); *Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir.

1985) ("As a general rule, we will not consider an issue raised for the first time on appeal . . . .").

## CONCLUSION

The district court properly granted summary judgment to Google on Roley's breach of contract and conversion claims. Because we affirm the judgment on this basis, we do not reach the issue raised in Google's conditional cross-appeal of the district court's class certification order.

**AFFIRMED.**