NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PARGAT SINGH BRAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-248

Agency No.
A208-565-428

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2023**
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,***
District Judge.

Pargat Brar, a native and citizen of India, petitions for review of a Board

of Immigration Appeals ("BIA") decision dismissing his appeal of an

Immigration Judge ("IJ") order denying his applications for asylum,

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Brian A. Jackson, United States District Judge for
the Middle District of Louisiana, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence the BIA's determination that Mr. Brar failed to show that the harm he suffered rose to the level of persecution.[1] We grant the petition because "any reasonable adjudicator would be compelled to conclude" Mr. Brar was persecuted. *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (quoting *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021)).

1.  In November 2014, four men beat Mr. Brar for ten minutes, stopping only after he agreed to join their political party. The police—who told Mr. Brar that they served the attackers' political party—refused to write a report or protect Mr. Brar. In January 2015, Mr. Brar's attackers called him and threatened to kill him for failing to join their party. Then, in June 2015, they physically assaulted Mr. Brar again; specifically, four men beat him for ten minutes while threatening to kill him if he refused to join their party. Mr. Brar fled India two months later, in August 2015, and his attackers still contact his family every six months to ask about him. These facts compel a finding of persecution. *See Singh v. Garland*, 57 F.4th 643, 652–57 (9th Cir. 2022); *Flores Molina v. Garland*, 37 F.4th 626, 632–37 (9th Cir. 2022); *Fon v.*

---

[1] "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). We need not address whether de novo review should apply, or discuss the nuances of the two standards, because the harm Mr. Brar suffered rose to the level of persecution under the more deferential "substantial evidence" standard of review. *See id.* at 633 n.2.

2

*Garland*, 34 F.4th 810, 813–15 (9th Cir. 2022); *Aden v. Wilkinson*, 989 F.3d 1073, 1082–84 (9th Cir. 2021); *Guo v. Sessions*, 897 F.3d 1208, 1213–17 (9th Cir. 2018).

The BIA cites three cases to support its finding of no persecution, but none of them involve similar facts. First, in *Nagoulko v. INS*, 333 F.3d 1012 (9th Cir. 2003), it was "significant that Nagoulko never suffered any significant physical violence." *Id.* at 1016. That is not true for Mr. Brar. Second, *Lim v. INS*, 224 F.3d 929 (9th Cir. 2000), observed that threats alone "constitute past persecution in only a small category of cases" because "[t]hreats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm." *Id.* at 936. Yet the BIA ignored that we have "consistently held that *death* threats *alone* can constitute persecution." *Flores Molina*, 37 F.4th at 634 (alteration in original) (quoting *Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000)). And, in any case, Mr. Brar was not only threatened with death multiple times, but during the June 2015 attack his persecutors made those threats while beating him. *See Fon*, 34 F.4th at 815 (finding persecution when there was a connection between the threat and the physical harm). Finally, *Halim v. Holder*, 590 F.3d 971 (9th Cir. 2009), involved five unrelated instances of humiliation and harassment over a ten-year span, rather than the sustained physical harm and death threats that Mr. Brar suffered. *Id.* at 975–76.

We grant Mr. Brar's petition as to his asylum claim and remand for the BIA to address the remaining elements of past persecution.[2]

2. The BIA's sole basis for denying Mr. Brar's claim for withholding of removal was its determination that he had "failed to meet the lower burden of proof for asylum." In light of our disposition above, that premise is invalid. We also grant his petition as to his withholding of removal claim and remand to the BIA for further consideration.

3. The BIA correctly noted that Mr. Brar did not appeal, and thereby exhaust, the IJ's denial of CAT protection. *See* 8 U.S.C. § 1252(d)(1). Mr. Brar has waived that issue, too, by omitting it from his opening brief. *Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022). We do not consider it.

**PETITION GRANTED** and **REMANDED** for further proceedings.

---

[2] The BIA must determine whether the persecution Mr. Brar experienced was on account of one or more protected grounds, and whether the persecution was committed by the government, or by forces that the government was unable or unwilling to control. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010).