NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BHOPINDER DHILLON; REENA DHILLON; ANITA PAMPALON; RICHARD PAMPALON; SANGITA LAL; RAJ LAL; JACK SEKHON; PRAVEENA GIANNOULIS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PRINCESS CRUISE LINES, LTD., <br><br> Defendant-Appellee, <br><br> and <br><br> DOES, 1 through 3, inclusive, <br><br> Defendant. | No. 22-55215 <br><br> D.C. No. 2:20-cv-11661-DDP-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 15, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Bhopinder Dhillon, Reena Dhillon, Anita Pampalon, Richard Pampalon, Sangita Lal, Raj Lal, Jack Sekhon, and Praveena Giannoulis (collectively, Plaintiffs) appeal from the district court's order granting summary judgment in favor of Princess Cruise Lines, Ltd. (Princess). Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

1. We review de novo the district court's order granting summary judgment. *Roley v. Google LLC*, 40 F.4th 903, 908 (9th Cir. 2022). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact." *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (citation omitted).

To prevail on their negligence claims, Plaintiffs were required to establish that Princess's actions or omissions caused their injuries. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001). In granting Princess's motion for summary judgment and denying Plaintiffs' cross-motion for summary judgment, the court rejected Plaintiffs' argument that they could establish causation without expert testimony. We agree.

Plaintiffs allege that they contracted COVID-19 on the *Grand Princess*, that COVID-19, and not other illnesses, caused the symptoms that they experienced, and that lasting injuries were caused by the COVID-19 infections they contracted

2

aboard the *Grand Princess*. But some Plaintiffs never received a positive COVID-19 test result, and others received positive COVID-19 test results weeks after their voyage, after traveling from the cruise to their home locations, and after encountering others who had been infected with the virus. Because the nexus between Plaintiffs' voyage on the *Grand Princess* and their injuries requires specialized knowledge about the nature of COVID-19 infections, symptoms, and transmissibility, expert evidence was necessary to establish a causal connection; Plaintiffs' testimony alone was insufficient. *See Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994) (holding that expert testimony is required when "special expertise [is] necessary to draw a causal inference" between the defendant's negligence and plaintiff's injury); *cf. Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962) (explaining that expert testimony is unnecessary in cases where jurors "are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training" (quoting *U.S. Smelting Co. v. Parry*, 166 F. 407, 415 (8th Cir. 1909))).

Plaintiffs argue that they did not need expert testimony because they anticipated this case would proceed to a bench trial, rather than a jury trial, and a judge is better equipped to evaluate medical causation than a jury. We are not persuaded. While "there is support for the general proposition that the *admissibility* of evidence varies between jury and non-jury trials," *Plummer v. W.*

*Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981) (emphasis added), the standards governing admission of evidence and proving causation "are distinct issues and do not affect one another," *Claar*, 29 F.3d at 503. Plaintiffs cite no authority establishing that their burden to prove causation was different because the fact-finder at trial would be a judge, rather than a jury.

Princess argued in its summary judgment filings and on appeal that Plaintiffs' expert's conclusions were not sufficiently reliable under Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Despite Princess's repeated objections to Plaintiffs' causation expert, Plaintiffs never responded to Princess's Rule 702 argument in the trial court or on appeal, thus forfeiting any argument that their expert's testimony was admissible. *See, e.g.*, *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 881–82 (9th Cir. 2022). Because Plaintiffs needed expert testimony to support the claims asserted in the operative complaint and failed to respond to Princess's admissibility objections, we affirm the district court's order granting summary judgment.

2. We review for an abuse of discretion the denial of Plaintiffs' motion for leave to amend the scheduling order and the complaint. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 736 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

4

The district court did not abuse its discretion by denying Plaintiffs' motion for leave to modify the scheduling order. The record supports the district court's conclusion that Plaintiffs failed to show "good cause" as required by Federal Rule of Civil Procedure 16 because: (1) Plaintiffs failed to file a timely motion to compel evidence they believed Princess was withholding; (2) Plaintiffs were aware, before discovery closed, of Princess's relationship with its parent company Carnival and of the claim that Princess concealed the presence of a critically ill passenger on an earlier voyage; and (3) Plaintiffs waited months to begin formal discovery. *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000). Nor did the court abuse its discretion by concluding that Princess would be prejudiced by reopening discovery and allowing new rounds of motions practice. *See Johnson*, 975 F.2d at 609 (explaining that "the existence or degree of prejudice to the party opposing the modification might supply additional reasons" to deny a motion to modify the scheduling order).

However, the district court committed an error of law when it applied Rule 16's "good cause" standard to Plaintiffs' motion for leave to file a third amended complaint. The district court relied on *Johnson*, 975 F.2d at 608, for the proposition that "[w]hen a motion for leave to amend necessitates modifications to the court's scheduling order, the party seeking leave to amend must first show

5

good cause under Rule 16(b)." But *Johnson* holds only that a "party seeking to amend [a] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b)." *Id.* (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). Here, the court's scheduling order did not contain a deadline for amending the pleadings. Thus, the district court should have applied Federal Rule of Civil Procedure 15(a) to Plaintiffs' motion for leave to file a third amended complaint. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006), *as amended* (Oct. 6, 2006).

Under Rule 15(a)(2), a district court "should freely give leave [to amend] when justice so requires," but a district court may deny leave "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* at 951 (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)). Because the district court expressly declined to apply Rule 15(a), we remand for the district court to apply Rule 15(a) in the first instance, including consideration of whether the claims Plaintiffs proposed to add in their third amended complaint require showing that they were infected with COVID-19 while aboard the *Grand Princess*.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

---

[1] Each side shall bear its own costs on appeal.