**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIDIA GONZALEZ, RICHARD ARCIGA, and YESENIA MARTINEZ, | No. 22-55386 |
| Plaintiffs-Appellants, | D.C. No. 2:18-CV-09117-odw |
| v. | MEMORANDUM[*] |
| COUNTY OF LOS ANGELES; CITY OF LONG BEACH; PATRICK FREY; ADRIAN GARCIA; MARK BUGEL; CHRISTOPHER BRAMMER; MARY MARSCHKE; ANTON FISCHER; ALFREDO CHAIREZ, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted August 18, 2023
Pasadena, California

Before: TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

Plaintiffs Lidia Gonzalez, Richard Arciga, and Yesenia Martinez appeal the

district court's order granting summary judgment to Defendant police officers on

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claims brought pursuant to 42 U.S.C. § 1983 arising out of Plaintiffs' September 15, 2017, arrests for witness intimidation. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *Roley v. Google LLC*, 40 F.4th 903, 908 (9th Cir. 2022), and we affirm in part, reverse in part, and remand.

1. The district court properly granted summary judgment to Defendants on Lidia Gonzalez's Fourth Amendment unlawful arrest claim. Defendants had probable cause to arrest Gonzalez for witness intimidation given Tara Phipps's statement to Detective Bigel; Officer Marschke's report regarding her review of the video footage, in which Marschke specifically stated that she saw Lidia Gonzalez raise her phone; Detective Garcia's observation of Michelle Gonzalez yelling "snitches" at the Phipps group; and the context, which involved family members and friends associated with the victim and the defendant in a gang-related murder trial. Plaintiffs point out that the video footage is inconclusive, but the officers who made the decision to arrest—Detectives Bigel and Garcia—did not themselves review the footage. They instead relied on Officer Marschke's review of the footage and statement that the footage showed Lidia Gonzalez raising her phone, and it was reasonable for them to do so. *See United States v. Ventresca*, 380 U.S. 102, 111 (1965) ("Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant

applied for by one of their number.").

2.  The district court erred by granting summary judgment to Defendants on Martinez's and Arciga's Fourth Amendment unlawful arrest claims.  Any reasonable officer would have known that probable cause did not exist for these arrests.  First, there was no reliable information that either Martinez or Arciga personally engaged in any act of witness intimidation.  Phipps's vague statement that she observed the four Gonzalez family members taking photographs of her, is not particularized as to any family member or members, and Officer Marschke's review of the video footage identified only Lidia Gonzalez as a likely photographer.  *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("[A]n officer may not ignore exculpatory evidence that would 'negate a finding of probable cause.'" (quoting *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003))); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness['s] knowledge or interview other witnesses.").

It was clearly established at the time that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search [or arrest] that person," *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).  Although under the narrow exception in *Maryland v. Pringle*, 540 U.S.

3

366, 373 (2003), probable cause may exist to arrest several individuals where it is reasonable for officers to infer "a common enterprise" among them, here no reasonable officer could have inferred that Martinez and Arciga were engaged in a common enterprise to intimidate witnesses based on their mere proximity to Lidia Gonzalez in a courthouse hallway. Contra *Pringle*, witness intimidation of the sort alleged here is not the type of crime that "could not normally be carried on without the knowledge of all persons present," *United States v. Hillison*, 733 F.2d 692, 697 (9th Cir. 1984), and any inference of common enterprise is far less compelling here than it was in *Santopietro v. Howell*, 857 F.3d 980, 991 (9th Cir. 2017), where we held that probable cause was lacking.[1] Any reasonable officer, therefore, would have known that probable cause was also absent here.

3. The district court properly granted summary judgment to Defendants on Plaintiffs' excessive force claims. Although the district court granted summary judgment on the ground that the force employed here was reasonable as a matter of law, we affirm on the alternative ground of qualified immunity. Because there is no Supreme Court precedent, Ninth Circuit precedent, or circuit consensus clearly establishing that the level of force used here—handcuffing that produces some pain and discomfort and leaves red marks on one's skin—constitutes excessive force,

---

[1] Although we later amended *Santopietro*, *see Santopietro v. Howell*, 73 F.4th 1016 (9th Cir. 2023), the amendments are not material to the analysis here.

4

Defendants are entitled to qualified immunity on these claims.

4. The district court properly granted summary judgment to Defendants on Plaintiffs' malicious prosecution claims. To establish malicious prosecution, a plaintiff "must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995). To hold investigating police officers liable for malicious prosecution, a plaintiff must overcome the presumption that the prosecutor exercised independent judgment in bringing criminal charges. *See Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir. 1981), *overruled in part on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006). Here, Plaintiffs have not established a triable issue that Defendants misrepresented the events on police reports or that Deputy District Attorney Patrick Frey's involvement in the investigation compromised the subsequent charging decision by a different prosecutor. Plaintiffs, therefore, have not overcome the presumption of independence.

5. We decline to reach Plaintiffs' conclusory argument that the district court erred by granting summary judgment on Plaintiffs' remaining claims.[2] *See*

---

[2] These claims include a § 1983 claim for interference with a parent-child relationship, a *Monell* claim against the City, a state-law false imprisonment claim

5

*Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a

brief that are not supported by argument are deemed abandoned.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[3]

---

as to Lidia Gonzalez, a state-law battery claim, state-law claims for negligence and negligent infliction of emotional distress, and a claim for violations of Cal. Civ. Code § 52.134 ("the Bane Act").

[3] The parties shall bear their own costs on appeal.