**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENEVIEVE MORTON, an individual, | No. 23-55732 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-10434-GW-KS |
| v. | |
| TWITTER, INC., a Delaware Corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| SPYIRL.COM; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 3, 2024[**]
Pasadena, California

Before:  M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff Genevieve Morton (Morton) appeals the district court's order denying her motion to reopen the judgment and granting Defendant Twitter, Inc.'s (Twitter) second motion for contempt.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context.

1. The district court did not abuse its discretion in denying Morton's motion to reopen the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on the ground that it was untimely. A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam).

The district court found that Morton could have raised all her Rule 60(b) arguments in a timely appeal of the judgment she sought to reopen, but that she deliberately chose not to appeal the judgment. The court also found that Morton failed to provide any other reason why she could not have identified her stated

---

[1] Although Twitter is named as Defendant-Appellee, it has since been merged into X Corp., a subsidiary of X Holdings Corp. *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 479 n.3 (2023). For ease of reference, we refer to Defendant-Appellee as "Twitter" throughout this memorandum disposition.

grounds for reopening the judgment before the deadline to appeal expired. Morton does not challenge these factual findings as clearly erroneous on appeal. Under our case law, these factual findings are sufficient to affirm the district court's denial of her Rule 60(b) motion as untimely. *See id.* at 1055 ("Nothing impeded appellant's awareness of . . . all the relevant facts and law.").

Morton's related argument that she necessarily had one year to move for post-judgment relief under Rule 60(b)(1) is foreclosed by the Supreme Court's recognition in *Kemp v. United States*, 596 U.S. 528 (2022), that courts may properly deny Rule 60(b)(1) motions as untimely long before Rule 60(c)(1)'s one-year deadline expires, for instance, because the grounds to reopen the judgment could "have been raised sooner . . . in a timely appeal," *id.* at 538. As for her contention that "procedural confusion" caused her not to file a timely appeal, she never presented this argument to the district court, and we decline to consider it for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

2.    In her opening brief, Morton insists that the district court lost jurisdiction to enter judgment against her when the court determined she could not prove she was the legal and beneficial owner of the copyrighted photographs. In her view, because the district court lost jurisdiction to adjudicate her case upon her failure of proof at summary judgment, the court lacked jurisdiction to grant Twitter's second contempt motion.

3

It is well-established that "an on-the-merits judgment can still trigger the judgment bar, even if that determination necessarily deprives the court of subject-matter jurisdiction." *Brownback v. King*, 592 U.S. 209, 217 (2021). That occurred here, where the district court entered summary judgment against Morton on her copyright infringement claims because she could not establish copyright ownership and therefore lacked standing pursuant to § 501(b) of the Copyright Act. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) ("DRK failed to meet the standing requirements of [§] 501(b), and summary judgment in favor of the defendants was warranted."). It is also well-established that district courts retain ancillary jurisdiction to "effectuate [their] decrees" after entering final judgment. *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379–80 (1994)). That proposition plainly applies here, where the district court granted Twitter's post-judgment contempt motion to enforce Morton's compliance with its pre-judgment orders. Accordingly, Morton's jurisdictional objection lacks merit.

3.      Morton also argues that she was denied due process when the district court granted Twitter's second contempt motion because the district court "imposed additional fines without reviewing the underlying order." However, as Twitter noted in its answering brief, "[s]he filed an opposition brief [to the motion], which the court reviewed, and [she] appeared at multiple hearings before the district court"

4

(internal citations omitted). She does not challenge these representations in her one-page reply brief. We therefore agree with Twitter that Morton and her counsel "had ample notice and an opportunity to respond to the possibility that the court would find them in contempt" yet again. *Thomas, Head & Greisen Emps. Tr. v. Buster*, 95 F.3d 1449, 1458 (9th Cir. 1996). To the extent that Morton claims that the district court violated her right to due process by failing to "review[] the underlying order"—the district court's pre-judgment order awarding attorneys' fees and costs to Twitter—that argument is belied by the record, which clearly shows that the district court considered her request to reopen the judgment to reconsider the award of fees and costs but rejected it.

4. To the extent that Morton uses this appeal to directly challenge the merits of the district court's orders which produced the final judgment entered on October 20, 2022, we lack jurisdiction to review those orders because Morton did not appeal "within thirty days after the entry of such judgment." 28 U.S.C. § 2107(a); *see Bowles v. Russell*, 551 U.S. 205, 213 (2007) (holding that failure to timely file a notice of appeal deprived the Court of Appeals of jurisdiction); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) ("[A]n appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment."). Morton's timely appeal of the district court's denial of her motion to reopen the judgment pursuant to Rule 60(b) "does not bring

5

up the underlying judgment for review." *Browder v. Dir., Dep't of Corr. of Ill.*, 434

U.S. 257, 263 n.7 (1978).

**AFFIRMED.**