NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFRED CLARK,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION;<br>WESTERN PROGRESSIVE - NEVADA,<br>INC.; PHH MORTGAGE<br>CORPORATION,<br><br>Defendants - Appellees. | No. 24-6724<br><br>D.C. No.<br>2:23-cv-00493-GMN-BNW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 22, 2026**

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Alfred Clark appeals pro se from the district court's judgment dismissing his

action alleging federal and state law claims arising from the foreclosure of his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Flaxman v. Ferguson*, 151 F.4th 1178, 1184 (9th Cir. 2025). We affirm.

The district court properly dismissed Clark's Fair Debt Collection Practices Act ("FDCPA") claims because Clark failed to allege facts sufficient to show that defendants were acting as debt collectors or to state a plausible claim under 15 U.S.C. § 1692f(6). *See* 15 U.S.C. § 1692f(6) (prohibiting "nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest"); *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 474, 477 (2019) (explaining that the provisions of the FDCPA do not apply if a defendant is not a debt collector and that "but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]"); *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 255 (Nev. 2012) (explaining that a party has the right to foreclose under Nevada law if it is both the "current beneficiary of the deed of trust and the current holder of the promissory note").

The district court properly dismissed Clark's wrongful foreclosure claim because Clark failed to allege facts sufficient to show that he was not in default. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)

24-6724

(holding that "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised").

The district court properly dismissed Clark's conversion claim because Clark failed to allege that his personal property was converted. *See Boorman v. Nevada Mem'l Cremation Soc'y*, 236 P.3d 4, 9 (Nev. 2010) (setting forth elements of a claim for conversion).

The district court properly dismissed Clark's breach of good faith claim because Clark failed to allege facts sufficient to state a plausible claim. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (explaining that "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith" (citation omitted)).

The district court did not abuse its discretion by denying Clark leave to amend because amendment would have been futile. *See Hara v. Netflix, Inc.*, 146 F.4th 872, 884 (9th Cir. 2025) (setting forth the standard of review and explaining that leave to amend may be denied where amendment would be futile).

The district court did not abuse its discretion by denying Clark's motion for reconsideration because Clark failed to establish any ground for relief. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (setting forth the standard of review and grounds for reconsideration).

24-6724

We do not consider issues not specifically and distinctly argued in the opening brief, or issues raised for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

All pending motions are denied.

**AFFIRMED.**