NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHEIDA HUKMAN,

      Plaintiff - Appellant,

  v.

SNACKERS SINCLAIR, INC.,

      Defendant - Appellee.

No. 24-7431

D.C. No.
2:23-cv-00501-CDS-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

     Sheida Hukman appeals pro se from the district court's summary judgment

in her Title VII employment action alleging discrimination and retaliation. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Burch v. City of*

*Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025). We affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Hukman failed to raise a genuine dispute of material fact as to whether defendant's proffered legitimate, nondiscriminatory reasons for its actions were pretextual, or whether Hukman engaged in a protected activity. *See Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (setting forth elements of and burden-shifting framework for a Title VII retaliation claim and explaining how a plaintiff can establish pretext); *Opara v. Yellen*, 57 F.4th 709, 728-29 (9th Cir. 2023) (setting forth elements of and burden-shifting framework for a Title VII discrimination claim and explaining that conclusory allegations are insufficient to establish pretext); *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (explaining that an employee "engages in protected activity when she opposes an employment practice that either violates Title VII or that the employee reasonably believes violates that law").

The district court did not abuse its discretion by denying Hukman's motion for recusal because Hukman failed to demonstrate that a reasonable person with knowledge of all the facts would conclude that the district court's impartiality might reasonably be questioned. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth the standard of review and standard for recusal of judges); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or

2                                                                          24-7431

partiality motion.").

The district court did not abuse its discretion by denying Hukman's motion for reconsideration because Hukman failed to establish any ground for relief. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661, 665 (9th Cir. 1999) (setting forth the standard of review and grounds for reconsideration).

Contrary to Hukman's contention, the district court did not err by ruling on defendant's post-judgment motion to declare her a vexatious litigant. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 n.2 (9th Cir. 2014) (explaining that "'[a] district court retains jurisdiction to enforce the judgments it enters,' including through issuance of vexatious litigant orders") (citation omitted).

We do not consider issues not specifically and distinctly argued in the opening brief, or issues raised for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

**AFFIRMED.**