NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN T. VARELA, <br><br> Petitioner - Appellant, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent - Appellee. | No. 24-7853 <br><br> D.C. No. 19399-23L <br><br> MEMORANDUM[*] |

Appeal from a Decision of the United States Tax Court

Submitted April 22, 2026[**]

Before:    LEE, DESAI, and JOHNSTONE, Circuit Judges.

Ruben T. Varela appeals pro se from the Tax Court's summary judgment

upholding a penalty under 26 U.S.C. § 6702(a) and its order sua sponte imposing a

penalty under 26 U.S.C. § 6673(a).  We have jurisdiction under 26 U.S.C.

§ 7482(a)(1).  We review de novo.  *Sollberger v. Comm'r*, 691 F.3d 1119, 1123

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012). We affirm.

The Tax Court properly granted summary judgment because Varela failed to raise a genuine dispute of material fact as to whether he was not liable for the frivolous filing penalty. *See* 26 U.S.C. § 6702(a) (setting forth the requirements for the frivolous tax return penalty); *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985) (stating that the Ninth Circuit has "rejected the idea that a person is liable for tax only if he benefits from a governmental privilege"); *see also* 26 U.S.C. § 6751(b)(1) (requiring written supervisor approval for penalties); *Urb. v. Comm'r*, 964 F.2d 888, 890 (9th Cir. 1992) (holding that IRS "compliance with the [Internal Revenue Manual's] requirements is not mandatory"). Varela's contentions, including that *Moore v. United States*, 602 U.S. 572 (2024) limits income taxes to privileged activities and that the IRS was required to make a substitute return before imposing a frivolous tax return penalty, are meritless.

The Tax Court did not abuse its discretion by imposing a $1,000 penalty against Varela under 26 U.S.C. § 6673(a) for presenting frivolous arguments despite the Tax Court's warnings. *See Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993) (setting forth the standard of review and concluding that the Tax Court was within its discretion to impose a penalty under § 6673 against a taxpayer who pursued frivolous arguments after a warning).

We do not consider issues that are not specifically and distinctly argued in

the opening brief.  *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

**AFFIRMED.**